

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1539-07

**ROBERT HUFFMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S AND STATE'S PETITIONS
## FOR DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## BEXAR COUNTY

**JOHNSON, J., filed a concurring opinion.**

### O P I N I O N

The offense of failure to stop and render aid is defined in TEX. TRANSP. CODE § 550.021(c). By its terms, the statute requires that the operator of a vehicle that has been involved in an accident to do at least two of the three listed acts: stay (TEX. TRANSP. CODE § 550.021(a)(1)) and remain (TEX. TRANSP. CODE § 550.021(a)(3)), or return (TEX. TRANSP. CODE § 550.021(a)(2)) and remain (TEX. TRANSP. CODE § 550.021(a)(3)).   Therefore, leaving the scene is only part of the gravamen of the offense; the operator must also remain at the scene.

"Remain" requires more than merely being present at the scene; the operator must be present at the scene until the operator has complied with the mandates of TEX. TRANSP. CODE § 550.023, including providing name, address, and insurance information, and providing assistance to injured persons. An operator could stop at or return to the scene, yet still commit an offense under § 550.021 if, while staying at the scene, the operator refused to reveal the required information or made no effort to assist any injured party or obtain medical assistance for such a person.

With these comments, I join Judge Cochran's concurring opinion and concur in the opinion of the Court.

Filed: October 1, 2008
Publish